# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08- |
| --- | --- | --- |
| v. | : | DATE FILED: September 25, 2008 |
| JOHN P. KAROLY, JR.<br>JOHN J. SHANE<br>JOHN P. KAROLY, III,<br>    a/k/a "JP Karoly" | :<br><br>:<br><br>: | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy to commit wire fraud - 1 count)<br>18 U.S.C. § 1343 (wire fraud - 2 counts)<br>18 U.S.C. § 2 (aiding and abetting) |

## I N D I C T M E N T

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

#### BACKGROUND

At all times material to this indictment:

1. Defendant JOHN P. KAROLY, JR. ("JOHN KAROLY") was an attorney licensed to practice law in Pennsylvania who had a law office at 1555 N. 18th Street, Allentown, Pennsylvania.

2. Peter J. Karoly, defendant JOHN KAROLY's brother, was an attorney in Allentown, who was married to Lauren B. Angstadt, a dentist with a practice in Allentown. There were no children from this marriage.

3. Defendant JOHN KAROLY and Peter J. Karoly practiced law together until approximately March 1, 1986, when they terminated their practice, called Karoly and Karoly, because of "unhappy differences," pursuant to a written agreement, and each has operated a separate law practice since 1986.

4. Defendant JOHN KAROLY was the father of defendant JOHN P. KAROLY, III, a/k/a "JP Karoly" ("JP KAROLY"). Defendant JP KAROLY was an attorney in Allentown who practiced in his father's office.

5. Defendant JOHN J. SHANE was a medical doctor who performed expert witness services from time to time for Peter J. Karoly and defendant JOHN KAROLY. Defendant SHANE also had a social relationship with Peter J. Karoly and Lauren B. Angstadt.

6. On February 2, 2007, Peter J. Karoly and Lauren B. Angstadt were killed in a private plane crash in Massachusetts.

7. Peter J. Karoly and Lauren B. Angstadt each executed a will dated October 10, 1985 ("the authentic wills"), which generally divided their estates among their siblings, but which excluded defendant JOHN KAROLY as an heir.

8. On or about October 10, 1985, Peter J. Karoly provided the authentic wills of Peter J. Karoly and Lauren B. Angstadt to the trustee/attorney named in the wills. The trustee/attorney maintained possession of the authentic wills in his law office from on or about October 10, 1985 until they were filed for probate in February 2007.

### THE CONSPIRACY

9. From on or about February 2, 2007 through on or about the date of this indictment, in the Eastern District of Pennsylvania, and elsewhere, defendants

**JOHN P. KAROLY, JR.,**
**JOHN J. SHANE, and**
**JOHN P. KAROLY, III,**
**a/k/a "JP Karoly,"**

conspired and agreed, together and with others known and unknown to the grand jury, to commit

an offense against the United States, that is, wire fraud, by devising and intending to devise a scheme to defraud the estates of Peter J. Karoly and Lauren B. Angstadt and the beneficiaries of the estates and to obtain money and property by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

10. It was part of the conspiracy that the defendants caused false and fictitious wills dated June 2, 2006 for Peter J. Karoly and Lauren B. Angstadt ("the false and fictitious wills") to be created. The false and fictitious wills purported to leave a significant portion of the multi-million dollar estates of Peter J. Karoly and Lauren B. Angstadt to defendant JOHN KAROLY, and defendant JOHN KAROLY's two sons, in addition to providing for various nieces and nephews, contrary to the authentic wills.

It was further a part of the conspiracy that:

11. Defendants JOHN KAROLY, JOHN J. SHANE, and JP KAROLY offered the false and fictitious wills they caused to be created to family members and the Northampton County Register of Wills as being the true wills of Peter J. Karoly and Lauren B. Angstadt.

12. Defendants JOHN KAROLY, JOHN J. SHANE, and JP KAROLY made and caused to be made false representations to family members and others in an attempt to convince them of the authenticity of the false and fictitious wills.

13. The defendants attempted to convince J.F., the adopted cousin of defendant JOHN KAROLY, to sign the false and fictitious will of Peter J. Karoly as a witness after Peter J. Karoly's death.

14. Defendants JOHN KAROLY and JP KAROLY created a false cover story

3

in which they claimed that the false and fictitious wills were discovered by defendant JP KAROLY and G.K., defendant JP KAROLY's roommate, in a remote private storage trailer on property owned by a former client of defendant JOHN KAROLY.

## OVERT ACTS

In furtherance of the conspiracy, defendants JOHN KAROLY, JOHN J. SHANE, and JP KAROLY, and others known and unknown to the grand jury, committed the following overt acts in the Eastern District of Pennsylvania, and elsewhere:

1. On or about February 5, 2007, after learning about the existence of the Peter J. Karoly's and Lauren B. Angstadt's authentic wills, defendant JOHN KAROLY advised the trustee/attorney named in these wills that defendant JOHN KAROLY would notify Angstadt's family members about the existence of Angstadt's will. Despite his assurance to the trustee/attorney, defendant JOHN KAROLY failed to notify any of Angstadt's family members about the existence of the authentic wills.

2. On or about February 8, 2007, defendant JOHN KAROLY falsely stated to family members that there were no wills for Peter J. Karoly and Lauren B. Angstadt, despite his knowledge that there were such wills.

3. On or about February 11, 2007, defendant JOHN KAROLY told K.A., Lauren B. Angstadt's sister, that during the summer of 2006, Peter J. Karoly had given him a sealed packet of documents that defendant JOHN KAROLY did not look at and had put in a storage area.

4. On or about February 14 or 15, 2007, defendant JOHN KAROLY told the trustee/attorney named in the authentic wills that Peter J. Karoly had given him a box of

4

important documents that defendant JOHN KAROLY put in a storage area in a bank building. On or about February 15, 2007, defendant JOHN KAROLY received a copy of Peter J. Karoly's authentic will by fax from the trustee/attorney and learned that he was not named as a beneficiary or in any other capacity.

5. On or about February 15, 2007, defendant JOHN KAROLY requested a delay in filing to probate the authentic will of Peter J. Karoly. On or about February 19, 2007, defendant JOHN KAROLY learned that the authentic will of Peter J. Karoly had been filed and was to be probated in the Northampton County Court, Register of Wills Office in Easton, Pennsylvania.

6. Between on or about February 18, 2007, and on or about February 20, 2007, more than two weeks after the deaths of Peter J. Karoly and Lauren B. Angstadt, defendant JOHN J. SHANE signed as the sole witness to the false and fictitious wills for both Peter J. Karoly and Angstadt, knowing that he did not witness Peter J. Karoly or Angstadt sign these wills.

7. On or about February 18, 2007, defendant JOHN KAROLY spoke to J.F. by cell phone and requested that J.F. meet with defendants JOHN J. SHANE and JP KAROLY at the Bethlehem residence of Peter J. Karoly and Lauren B. Angstadt.

8. On or about February 18, 2007, after meeting with J.F. at the residence of Peter J. Karoly and Lauren B. Angstadt, defendant JP KAROLY requested that J.F. go to defendant JOHN KAROLY's residence to meet with defendant JOHN KAROLY.

9. On or about February 18, 2007, eight days after the funeral of Peter J. Karoly, inside the residence of defendant JOHN KAROLY and in the presence of defendants JOHN J. SHANE and JP KAROLY, defendant JOHN KAROLY requested that J.F. sign the false

and fictitious will of Peter J. Karoly as a witness to the will, "if [J.F.] felt comfortable doing it." This false and fictitious will had already been signed by defendant JOHN J. SHANE on a line provided as a witness. After briefly looking at the document, J.F. refused to sign it.

10. On or about February 20, 2007, defendant JP KAROLY and G.K. traveled to a property containing a stone and patio tile manufacturing plant and store in Nazareth, Pennsylvania, owned by one of defendant JOHN KAROLY's former clients. This property also contained an active cement plant and numerous shipping containers used for storage. The storage containers had no electricity, no heat, and were not airtight to prevent moisture from getting inside the shipping containers.

11. On or about February 20, 2007, defendant JOHN KAROLY claimed that G.K. found the false and fictitious wills of Peter J. Karoly and Lauren B. Angstadt inside a shipping container at the tile manufacturing plant and store in Nazareth.

12. On or about February 20, 2007, defendant JOHN KAROLY met with J.F. at defendant JOHN KAROLY's law office and told J.F. that defendant JOHN KAROLY "had all his bases covered" in response to J.F. telling defendant JOHN KAROLY that some members of the Karoly family may not go along with or agree that the false and fictitious wills were authentic.

13. On or about February 20, 2007, defendant JOHN KAROLY directed his wife to make a telephone call from their residence in Pennsylvania to K.L., defendant JOHN KAROLY's sister, in Florida to advise her that defendant JOHN KAROLY had found the "original will" of Peter J. Karoly, and that defendant JOHN KAROLY would share the contents of the will if she called him.

14. On or about February 20, 2007, defendant JOHN KAROLY made a

telephone call from his residence in Pennsylvania to C.P., defendant JOHN KAROLY's sister, in New Jersey, and falsely stated to her that a new will for Peter J. Karoly had been found; he also listed certain details of the contents of this will, how this will was found, and that defendant JOHN J. SHANE was the witness to this will.

15. On or about February 21, 2007, defendant JP KAROLY made a telephone call to CP in New Jersey and advised her of certain details about the contents of the false and fictitious will of Peter J. Karoly.

16. On or about February 21, 2007, defendant JOHN KAROLY made arrangements to file for probate the false and fictitious will of Peter J. Karoly in the Northampton County Court, Register of Wills Office.

17. On or about February 21, 2007, defendant JOHN KAROLY caused a copy of the false and fictitious will of Lauren B. Angstadt to be faxed to K.A.

18. On or about February 22, 2007, defendant JOHN KAROLY caused the false and fictitious will of Peter J. Karoly to be filed for probate in the Northampton County Court, Register of Wills Office.

19. On or about February 22, 2007, defendant JOHN KAROLY caused the false and fictitious will of Lauren B. Angstadt to be filed for probate in the Northampton County Court, Register of Wills Office, without any prior knowledge or authorization from any member of the Angstadt family or their attorneys.

20. On or about February 22, 2007, defendant JOHN J. SHANE signed an Oath of Subscribing Witness, filed in Northampton County Court, Register of Wills Office, which falsely stated that he was present on June 2, 2006 at the time Peter J. Karoly and Lauren B. Angstadt each signed the false and fictitious wills.

21. On or about February 26, 2007, defendant JP KAROLY made a telephone call to C.P. in New Jersey to discuss that K.L. was going to protest and object to the false and fictitious will of Peter J. Karoly. Defendant JP KAROLY agreed to fax copies of the authentic will of Peter J. Karoly and the false and fictitious wills of Peter J. Karoly and Lauren B. Angstadt to C.P. in New Jersey from his law office in Pennsylvania.

22. On or about February 26, 2007, defendant JP KAROLY caused a copy of the false and fictitious wills of Peter J. Karoly and Lauren B. Angstadt and a copy of the authentic will of Peter J. Karoly, to be faxed from defendant JOHN KAROLY's law office in Pennsylvania, to CP in New Jersey.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO AND THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs One through Eight and Ten through Fourteen and the Overt Acts One of Count One of this indictment are incorporated here.

2. On or about each of the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendants

**JOHN P. KAROLY, JR.,
JOHN J. SHANE, and
JOHN P. KAROLY III,
a/k/a "JP Karoly,"**

for the purpose of executing the scheme described above, and aiding and abetting its execution, caused to be transmitted by means of wire communications in interstate commerce the signals and sounds described below, each transmission constituting a separate count of this indictment:

| COUNT | DATE | ITEM |
|---|---|---|
| 2 | 2/20/07 | Telephone call from defendant JOHN KAROLY'S residence in Allentown, Pennsylvania, to K.L. in Florida, advising K.L. that defendant John P. Karoly had found a will of Peter J. Karoly dated June 2, 2006. |
| 3 | 2/26/07 | Fax copies of authentic and false and fictitious wills of Peter J. Karoly and Lauren B. Angstadt, from defendant JOHN P. KAROLY's law office in Allentown, Pennsylvania, to C.P. in New Jersey. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**LAURIE MAGID
Acting United States Attorney**