# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

v.    :    CRIMINAL NO. 08-592

JOHN P. KAROLY, JR.    :

## DEFENDANT'S MOTION FOR HEARING TO DETERMINE WHETHER PROSECUTING ATTORNEY SHOULD BE REMOVED

AND NOW COMES defendant John P. Karoly, Jr., by his attorney, Robert E. Goldman, Esquire, and respectfully submits as follows:

1. On September 23, 2008, Defendant and his Co-Defendants were charged by a federal grand jury in the Eastern District of Pennsylvania. A Superseding Indictment was returned on March 12, 2009.

2. During the course of the investigation, Assistant United States Attorney Seth Weber accompanied the case agent on a number of witness interviews in the field and is the sole witness to the interview, excluding the agent and witness.

3. At trial, it is anticipated that the account of the interviews will differ between the case agent and various witnesses. The prosecuting attorney has therefore placed himself in the position of being a potential witness or otherwise vouching for the credibility of the case agent by advising the jury that he was present at the interview.

4. Prior to proceeding to trial, the prosecuting attorney should be required to advise the Court and parties if the government agrees that the jury will not be advised that Weber was present at the interviews. Otherwise, the prosecuting attorney is improperly vouching for the credibility of the case agent.

5. In the absence of that agreement, the prosecuting attorney must be removed from the trial of the case.

6. In the alternative, this Court should direct the government that no evidence may be presented to the jury concerning the presence of Weber at the interviews.

WHEREFORE, it is respectfully submitted that this Honorable Court schedule a hearing to determine whether the prosecuting attorney should be removed.

Respectfully submitted,

/s/Robert E. Goldman, Esquire
Robert E. Goldman, Esquire
Counsel for Defendant
John P. Karoly, Jr.

Dated: April 8, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. 08-592

JOHN P. KAROLY, JR. :

## DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION FOR HEARING TO DETERMINE WHETHER PROSECUTING ATTORNEY SHOULD BE REMOVED

During the course of the government's investigation which resulted in the instant Superseding Indictment, the prosecuting attorney, Assistant United States Attorney Seth Weber became personally involved in the investigation. Weber traveled alone with the case agent, FBI Special Agent Thomas Marakovits, to potential witnesses' residences to interview them concerning the Will contest and tax related matters. In most instances, Weber is the sole witness to the F.B.I. agent's interview. As a result, Weber placed himself as a potential witness in court should the testimony of any witness and agent vary as to the content of the witness' statement. At this time, the defense is aware that the testimony of key defense witnesses will almost certainly be contrary to that of Marakovits. Therefore, Weber will lend his credibility to Marakovits by disclosing that he was present at the interviews, the contents of which will be highly contested.

A specific instance of this follows. Prior to the search of Karoly's residence, Weber and Marakovits went to Defendant Dr. John Shane's residence to interview him. They falsely represented to Shane that Weber was an F.B.I. agent and that Karoly and JP Karoly had acknowledged their involvement in preparing fictitious 2006 Wills and told Shane that they had clearly and directly implicated Shane in the scheme. [Shane is the signed witness on the 2006 Wills]. Despite the false

statements by Weber and Marakovits, Shane continued to state that the 2006 Wills were legitimate and that he had witnessed them, no matter what the two Karolys allegedly contended. In a June letter to Weber, undersigned counsel pointed out the obvious,

> "This has thrown you now into the potential role as a witness in this case if there is a return of an Indictment. . . . If you remain the prosecuting attorney in this case, you will not be able to dispute the version of Dr. Shane or vouch for the contrary position taken by the F.B.I. . . . An attorney who is a witness should not also wear the hat of investigator, prosecutor and trial attorney in the same case. If there is a dispute that the statement was made to Dr. Shane, you would be thrust during the grand jury investigation into the position of gathering witnesses to support your future credibility as a witness. . . . I believe your office may have to refer this investigation to an attorney in Main Justice to take over the grand jury investigation and bring this matter to a conclusion." Goldman letter to Weber dated June 11, 2007.

Again in August 2007, undersigned counsel complained of Weber's continued presence as sole witness to critical interviews.

> "In earlier correspondence, I discussed with you my concerns about your ability to head the ongoing grand jury investigation while, at the same time you placed yourself in the case as a witness... It is equally true that you would be motivated to cast doubt on the credibility of others whose testimony is at odds with yours. Despite the concerns I raised, no action was taken by you or your office to rectify this problem. In fact, since then, you have continued to travel alone with SA Marakovits to interview individuals. Many of these potential witnesses have stated that a part of the interview process consists of you attempting to convince them of Mr. Karoly's involvement in criminal activity. Should there be issues as to what was stated during these interviews, you would be brought again into the case to dispute the recollection of the witnesses." Goldman letter to Weber dated August 14, 2007.

Since the government has taken the position that it will not provide Jencks material to the defense until 3 days before trial and has not advised the defense of the names of its witnesses at trial, the defense is in the dark as to how many instances of Weber being the sole witness to interviews occurred.

The harm that would arise at trial should the government advise the jury that the prosecuting attorney was present during the interviews is strongly set forth in *United States v. Vitillo*, 490 F.3d 314 (3rd Cir. 2007). In that case, the Third Circuit expressed strong concern about the practice in the United States Attorney's Office for the Eastern District of Pennsylvania of

prosecutors accompanying agents in the field to conduct interviews. Such practice "may give rise to the temptation to vouch. If a prosecutor will be tempted at trial to refer to his or her presence at the interview, the prosecutor would be better not to attend the interview. Moreover, a prosecutor who wants to testify as a witness should withdraw as trial counsel for the case. . . The prosecutors should not have made the jury aware that they were present during the execution of the search warrant or during [defendant's] interview. . . We hope the United States Attorney for the Eastern District of Pennsylvania will instruct his assistants accordingly."

*Id*. At 328.

As the Court reasoned, improper vouching by the prosecutor arises even when not directly stated. The error may occur even without the prosecutor testifying. The Court explained how the improper vouching indirectly takes place.

> "One could actually restate [the AUSA's] actions in these terms: "I am the prosecutor. I was present during the interview where [defendant allegedly made admissions. Defendant] states that such a confession never occurred. I nonetheless brought this case to trial, and I put [the Agent] up on the stand. I am not allowed to call a witness when I know that witness will lie on the stand, and I have an ethical duty to inform the court if one of my witnesses has lied on the stand. I have no intention to inform the court that [the Agent] lied. I submit to you the testimony of [the Agent], but I am not permitted to assure you, the jury, about the credibility of any of the Government's witnesses."
> *Id*. At 329, fn 8.

It is therefore necessary for the government pretrial in this case to affirmatively agree that there will be no evidence presented at trial as to the presence of Weber at the interviews or Weber must be removed from the case. In the alternative, this Court may order the government not to present such testimony or evidence before the jury.

Respectfully submitted,

s/s Robert E. Goldman, Esquire
Robert E. Goldman, Esquire
Counsel for Defendant
John P. Karoly, Jr.

Dated: April 6, 2009

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Defendant's motion To Dismiss Indictment has been served electronically through the District Court Electronic Case System and by first class mail upon:

AUSA Seth Weber
504 W. Hamilton, Street
Allentown, PA.

Thomas Bergstrom, Esq.
138 Davis Road
Malvern, PA 19355

Brian McMonagle, Esq.
1 Penn Square West
30 S. 15th Street, Suite 701
Philadelphia, PA 19102

DATE: April 8, 2009

/s/Robert E. Goldman, Esquire
Robert E. Goldman, Esq.
P.O. Box 239
Fountainville, PA 18923
Counsel for Defendant
John P. Karoly, Jr.