IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 08-592 |
| | : | |
| JOHN P. KAROLY, JR., | : | |
| JOHN J. SHANE, | : | |
| JOHN P. KAROLY, III and | : | |
| HEATHER J. KOVACS | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                    June 29, 2009

**I. INTRODUCTION**

The government has filed a motion (Document #69) seeking to videotape the deposition of Anna Glisson, an elderly and ill trial witness, which would be taken in Williamsburg, Virginia and then shown to the jury at trial.  Defendant John P. Karoly has asked this court to deny the government's motion (Document #73).  At a hearing in open court on Thursday, June 4, 2009, the government provided a letter from one of Ms. Glisson's treating physicians.  Because the government has now shown that exceptional circumstances exist, the motion to preserve Mrs. Glisson's testimony by videotaping her deposition in Williamsburg will be granted.  In order to present the videotaped deposition at trial, however, the government will need to demonstrate that Mrs. Glisson is unavailable under Fed.R.Evid. 804(a).

1

**II. LEGAL STANDARD**

Fed. R. Crim. P. 15(a) provides that "A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice."

The rule distinguishes between civil depositions and their limited, disfavored use in criminal cases.  Criminal depositions are not for discovery purposes, but only to preserve the testimony of a prospective trial witness who would be called by one's own party.  United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987) (citing United States v. Cutler, 806 F.2d 933, 935 (9th Cir. 1986)).  Under Rule 15, depositions in criminal cases require court authorization and the moving party bears the burden of demonstrating that it is necessary to preserve the prospective witness' deposition.  See Id. (citing United States v. Adcock, 558 F.2d 397, 406 (8th Cir. 1977)).

The rule was amended in 1975 in two relevant ways.  First, prior to 1975, the government was not permitted to request depositions in criminal cases.  See Charles Alan Wright, 2 Fed. Practice & Procedure, § 241, 13, n. 17 (3d ed. 2000) (quoting F.R.Cr.P. 15 (1944)); Ismaili, 828 F.2d at 158-59.

Second, before 1975, this rule contained three explicit conditions that have now been replaced with "exceptional circumstances."  These conditions were that "a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in

order to prevent a failure of justice." F.R.Cr.P. 15.

The cases interpreting Rule 15(a), both in this circuit and others, indicate that these conditions from the prior version of the rule remain factors in assessing whether "exceptional circumstances" exist.  See, e.g., Ismaili, 828 F.2d at 159 ("Notwithstanding the 1975 amendment to Rule 15(a), it nevertheless has been established that when the district court exercises its discretion in ruling on a Rule 15(a) motion, considerations of materiality (of the testimony) and unavailability (of the witnesses) remain critical") (citing United States v. Johnson, 752 F.2d 206, 209 (6th Cir. 1985); United State v. Bello, 532 F.2d 422, 423 (5th Cir. 1976); United States v. Sun Myung Moon, 93 F.R.D. 558 (S.D.N.Y. 1982)).

Materiality and unavailability are not the only factors; the revised rule "emphasizes the use of discretion by the district court." Ismaili, 828 F.2d at 159.

### III. DISCUSSION

The government suggests that Mrs. Glisson and her doctors are comfortable with her testimony being preserved by means of a videotaped deposition in an attorney's office near her home in Williamsburg, Virginia.  The defendants contend that the requisite showing under F.R.Cr.P. 15 has not been made, but this court's review of the caselaw shows otherwise.

In 1992, another court in this district permitted the preservation of a witness' testimony because that witness had (1) material testimony, (2) a complicated pregnancy

that required a surgical birth, and, (3) was located in Los Angeles. United States v. Coker, 1992 WL 59156, 1 (E.D. Pa. Mar. 18, 1992) (Waldman, J.). The government's motion to depose that witness was granted after the presentation of a letter from the witness' doctor. Id. The deposition was held in a courtroom and the defendants and their counsel were present and each had an opportunity to cross-examine the witness. Id.

In 2007, another court in this district granted the government's motion to depose witnesses who were outside the subpoena power of the United States and whose testimony was found to be material. United States v. Fleet Management, 2007 WL 2463364, 2 (E.D. Pa. Aug. 28, 2007) (Padova, J.). As in those cases, exceptional circumstances warrant the preservation of Mrs. Glisson's testimony: she is located some distance from Philadelphia, she is elderly and ill, and her testimony is likely to be material.

**A. Mrs. Glisson May be Unavailable at Trial**

In support of its contention that Mrs. Glisson may be unavailable at trial in July 2009, the government states that she is "elderly and ill," seventy-seven years old, and a resident of Williamsburg, Virginia. Further, Mrs. Glisson's doctor believes it "would be overwhelming and cause undo-stress" for her to testify at trial in Philadelphia, Pennsylvania (more than five hours' drive from her home), that she was diagnosed with CMML, a form of leukemia, more than two years ago in February 2007, and that another doctor does "not advise her to travel long distances or be in stressful conditions that may

exacerbate her condition."

In a hearing in open court on Thursday, June 4, 2009, the government supplemented the arguments made in its motion to depose Anna Glisson in Williamsburg, Virginia with a four-paragraph letter from Dr. Tara A. Khoshnaw, M.D. dated May 22, 2009.  In the letter, Dr. Khoshnaw lists Ms. Glisson's ailments: "chronic myelomonocutic [sic] leukemia,"[1] a "history of breast cancer,"[2] "stage III chronic kidney disease," "atrial fibrillation," "chronic obstructive pulmonary disease," and "divroticulosis." While there is no statement on record, by Mrs. Glisson or her doctor or anyone else, as to the gravity of these conditions or the ramifications or likely prognosis, I find that an elderly person who suffers from at least five conditions and a history of cancer is sufficiently likely to be unavailable at trial in this case to warrant preserving her testimony.

**B. Mrs. Glisson's Testimony Appears to Be Material**

The defendants are charged with fraud relating to 2006 wills allegedly signed by Peter Karoly, deceased, and by his wife, Lauren Angstadt, also deceased.  The government has made a showing that Ms. Glisson's testimony is likely to be material: Mrs. Glisson received a bequest under the questioned 2006 wills and her name was

---

[1] According to the government's motion, Ms. Glisson was diagnosed with this disease in February 2007. Govn't Mem at 3.  No indication of the likely prognosis for this disease is on record in this case.

[2] It does not appear that Ms. Glisson is currently receiving any treatment for active breast cancer as she is "being followed by" an oncologist for this and her chronic leukemia.  The letter does not state whether she is in remission nor otherwise explain her prognosis.

misspelled on the 2006 will even though she was a friend of the deceased couple, the realtor who helped them purchase their Williamsburg, Virginia home and their property's caretaker.

Further, Mrs. Glisson previously has stated that she was surprised about the bequest to her of the couple's Vermont Castings grill because the couple had never discussed the grill with her and because it would barely fit on Mrs. Glisson's deck (a fact the deceased would have known). Additionally, Mrs. Glisson was surprised that defendant Dr. John J. Shane would have witnessed Dr. Angstadt's will because Dr. Angstadt did not trust him and had been upset with him for about a year.

Finally, the government states that Mrs. Glisson has talked about a phone call she received from one of the defendants in this case on the day before the 2006 will was found. The government believes Mrs. Glisson would testify that she received a phone call (the only one she had ever received although she knew Dr. Shane socially) on February 19, 2007 from Dr. Shane in which he described the airplane crash that killed Dr. Angstadt and Mr. Peter J. Karoly and in which he may have referenced the couple's 2006 will.

The primary factual issue in this case is whether the 2006 wills of Peter Karoly, Esq. and Dr. Lauren Angstadt are genuine. Mrs. Glisson was a friend of the deceased and a beneficiary under the will. She had contact with at least one of the defendants in this case regarding the couple's death and their property in the days following the plane crash.

Therefore her testimony is sufficiently likely to be material to warrant preservation.[3]

**C. If the Deposition is Shown at Trial, Mrs. Glisson Must be Unavailable**

Rule 15(f) states that "A party may use all or part of a deposition as provided by the Federal Rules of Evidence." The Federal Rules of Evidence require a party to be unavailable in order for their testimony to be presented via deposition. F.R.E. 804. Therefore, prior to playing any portion of the videotaped deposition at trial, the offering party will be required to establish that Mrs. Glisson is "unavailable" as defined in F.R.E. 804(a).

At trial, "whatever latitude exists to permit the taking of depositions to preserve testimony for use at trial, disappears when the deposition is sought to be introduced at trial." Ismaili, 828 F.2d at 162, n. 7 (citing United States v. Mann, 590 F.2d 361, 367 (1st Cir. 1978)). Therefore, the introducing party will need to make a new and different showing of unavailability during trial.[4]

**IV. CONCLUSION**

For the foregoing reasons, the government's motion to take a videotaped

---

[3] This finding that these allegations are sufficient to show the materiality of Mrs. Glisson's proposed testimony is made without prejudice to defendants objecting to its relevance or materiality at the appropriate time.

[4] In Coker, the government showed that the previously deposed witness was unavailable at trial by introducing a telefaxed letter (composed and sent mid-way through the trial) from the witness' treating doctor who stated that the witness "remained unable for medical reasons to travel to Philadelphia." 1992 WL 59156 at 1.

deposition[5] of prospective witness Anna Glisson will be granted. The deposition testimony may be used at trial under F.R.Cr.P 15(f) if the government shows that Ms. Glisson is unavailable as a witness within the meaning of F.R.E. 804(a).[6]

An appropriate order follows.

---

[5] The parties are referred to F.R.Cr.P. 15 for direction as to the taking of Ms. Glisson's deposition. Specifically, subparts (e) and (g) state that (1) "the scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial," (2) "the government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled at trial," and, (3) "a party objecting to deposition testimony or evidence must state the grounds for the objection during the deposition."

[6] The relevant portion of F.R.E. 804 states, "(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant-- (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or (3) testifies to a lack of memory of the subject matter of the declarant's statement; or (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or (5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means. A declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying."