## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 08-592 |
| | : | |
| JOHN P. KAROLY, JR. | : | |

ORDER

AND NOW, this 17th day of March, 2011, upon consideration of the

Government's motion for judgment and preliminary order of forfeiture (Doc. # 168), it is

hereby ORDERED that the motion is DENIED.[1]

---

[1]        John P. Karoly, Jr. was convicted of filing false tax returns, fraud and money laundering.  On May 6, 2010, Mr. Karoly was sentenced to 78 months in prison and ordered to pay $426,971.81 in restitution to the Lehigh Valley Community Foundation.  Mr. Karoly paid the restitution at the time of sentencing.  The government also sought forfeiture of $417,433.81, which represented the property that constituted or was derived from the proceeds traceable to the mail fraud and money laundering, on the grounds that forfeiture was an appropriate penalty.  At the time of the hearing I had concerns about whether it was equitable to order the defendant to pay the same amount twice, for restitution and in forfeiture.  I have those concerns today as well.

The sentencing hearing essentially took four days.  Two days were spent hearing and deciding the issues of tax loss to the government with the court considering expert testimony and making findings of fact.  Two days were then spent to resolve objections, hear testimony from witnesses presented by the government and the defendant, and to finally impose sentence.  The issue of forfeiture was pending at the time because the government filed a Motion for Judgment and Preliminary Order of Forfeiture several days before the sentencing hearing.  At the sentencing hearing, I declined to enter an order of forfeiture and expressed to counsel and to the parties my concerns about the legality of imposing restitution and ordering forfeiture for essentially the same funds.  The parties also disputed whether the government had agreed to withdraw the order for forfeiture if the defendant paid $417,433.81 in restitution at the time of sentencing.  I deferred a determination of forfeiture until a forfeiture hearing could be scheduled.  In a telephone conference on the day of the forfeiture hearing and at the forfeiture hearing, the defendant objected on procedural grounds to any order of forfeiture on the basis that the forfeiture order was not made final at the sentencing hearing and was not included in the judgment and commitment order.  After the hearing, the defendant submitted a brief on the procedural issue.

_____

The government contends that Rule 36 provides a basis for modifying the sentencing order to include the order of forfeiture.  Rule 36 gives the court authority to correct clerical errors in the judgment.  United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005).  "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."  Bennett, 423 F.3d at 277-78.  United States v. Bennett actually involved a modification of a defendant's sentence to include a final order of forfeiture.  In Bennett, the indictment included criminal forfeiture claims, and after the jury verdict was returned, the government read into the record a number of forfeiture stipulations.  423 F.3d at 273.  The government moved for a preliminary order of forfeiture and the court entered a preliminary order of forfeiture.  Id.  The sentencing order, however, did not include a forfeiture provision and forfeiture was not mentioned at the sentencing hearing.  Id. at 273-74.  Under these circumstances, the Third Circuit allowed an order of forfeiture to be entered after the sentencing order was final.  Id. at 282.

In this case, no preliminary order of forfeiture was entered.  There was a discussion as to whether forfeiture could be ordered for the same funds which were subject to a restitution order.  See United States v. Plaskett, 355 Fed. Appx. 639, 644 (3d Cir. 2009) (noting forfeiture and restitution "are distinct remedies.  Restitution is remedial in nature, and its goal is to restore the victim's loss. Forfeiture, in contrast, is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity." (quoting United States v. Webber, 536 F.3d 584, 602-03 (7th Cir.2008)); United States v. Emerson, 128 F.3 557, 566-67 (7th Cir. 1997) (finding a court could order both restitution and forfeiture); United States v. Taylor, 582 F.3d 558, 565-66 (5th Cir. 2009) (same).  There is no question that restitution was ordered at the time of the sentencing and, in fact, $417,433.81 toward the restitution amount was paid at the time of the sentencing hearing.

An order of criminal forfeiture is a penalty.  Bennett, 423 F.3d at 275.  There are procedural safeguards afforded to the defendant because of the punitive aspect of an order of forfeiture.  Id. at 276.  Although the Government had filed a preliminary order of forfeiture, the defendant alleged the government agreed to not seek forfeiture if Mr. Karoly paid $417,433.81 of the restitution amount at the time of sentencing.  The defendant stated an objection to the entry of the order of forfeiture because he had paid the same amount in restitution.  The court's unwillingness to enter a final order of forfeiture, or even to sign a preliminary order of forfeiture, was based upon the lack of resolution around these questions.

The court's concern was that the money wrongfully obtained by the defendant's fraudulent conduct be paid to those who were his victims.  This, in fact, happened and happened promptly.  After four days of a hearing and with the knowledge that the full amount of the ill-gotten gains was being repaid to the victims, this court saw no reason to further delay the proceedings.  I have some reservations about the defendant's argument that the forfeiture claim was procedurally defaulted after the defendant agreed to defer the resolution of the forfeiture petition to give counsel a chance to present argument on the legal issue of restitution and

BY THE COURT:


 /s/ LAWRENCE F. STENGEL
LAWRENCE F. STENGEL
United States District Court Judge

---

forfeiture being ordered on the same property.

However, despite these concerns, we are left with the following: a final order of judgment was entered on the sentence, $417,433.81 of the restitution has been paid and the order of forfeiture was not entered.  The only authority I have to modify the order of sentence to include forfeiture would be Rule 36.  Rule 36 allows for the modification of a sentencing order to correct a clerical error.  This was not a clerical error.  The deputy clerk did not  "miss something" nor was it an oversight or a mistake on the part of the court.

Under these circumstances, I believe an entry of an order of forfeiture following the final order of judgment and commitment would run afoul of the procedural safeguards afforded the defendant.  The defendant has been ordered to pay restitution and has restored the victims by returning his ill-gotten funds.  I decline, therefore, to enter an order of forfeiture.